## 11903

### WINGFIELD v. SOUTH CAROLINA TAX COMMISSION

(131 S. E., 421)

1. LICENSES—PROVISIONS OF FORMER ACT ADOPTED IN LATER STATUTE RELATIVE TO LICENSE FOR DEALERS IN COSMETICS TO BE GIVEN FULL FORCE AND EFFECT AS FAR AS CONSISTENT.—Provisions of Act March 26, 1923 (33 St. at Large, p. 12), not inconsistent with Act April 10, 1925 (34 St. at Large. p. 299), relative to license tax for dealers in comestics, and which were expressly adopted therein, are to be given full force and effect as such, except in so far as inconsistent therewith.

2. LICENSES—EXPRESSED INTENT OF LEGISLATURE TO MAKE INCONSISTENT PROVISIONS OF LATER STATUTE PREVAIL DOES NOT RENDER INAPPLICABLE RULE THAT VARIOUS PROVISIONS OF ACT SHOULD BE GIVEN EFFECT IF POSSIBLE.—In determining whether any provision of Act April 10, 1925 (34 St. at Large, p. 299), is inconsistent with provisions of Act March 26, 1923 (33 St. at Large, p. 12), adopted therein, so far as consistent, express intent of Legislature to make inconsistent provisions of the later statute prevail does not render inapplicable the rule that various provisions of an Act should be read so that all may, if possible, have their due and conjoint effect without repugnancy or inconsistency.

3. LICENSES—IN CONSTRUING STATUTE REQUIRING LICENSE TAX FROM DEALERS IN COSMETICS, RULE OF STRICT CONSTRUCTION OF PENAL LAWS AND TAX STATUTES SUBORDINATED TO RULE OF REASONABLE CONSTRUCTION.—In construing Act April 10, 1925 (34 St. at Large, p. 299), relative to license tax for dealers in cosmetics, rule of strict

construction of penal laws and tax statutes should be subordinated to rule of reasonable, sensible construction, having in view effectuation of legislative purpose.

4. Taxation—Statute Requiring Stamps to be Affixed to Cosmetics, Tobacco, and Other Articles When Sold Held to Describe Thing Upon Which Stamp is to be Affixed, and not to Prescribe Time When Stamp Should be Affixed.—Act April 10, 1925 (34 St. at Large, p. 356), § 82, subsec. 1, requiring payment of license on cosmetics, tobacco, and other articles by affixing stamp to things sold, *held* to describe and specify thing on which stamp was to be affixed, and not to prescribe time when stamp should be affixed.

5. Licenses—Provisions of 1923 Law Relative to License Taxation on Cosmetics and Other Articles Held Consistent With 1925 Law.—Provisions of Act March 26, 1923 (33 St. at Large, § 10, Subd. [c], Section 11, Subd. [a], and Section 13, Subd. [a]), relative to methods of affixing stamps for payment of license on cosmetics, tobacco, and other articles, *held* consistent with Act April 10, 1925 (34 St. at Large, p. 299), requiring stamps to be affixed to each individual article sold, as expressly providing, in effect, that stamps should be affixed before sale by methods prescribed by Tax Commissioner.

6. Licenses—Regulation of Tax Commission That Dealers in Cosmetics Shall Stamp Each Individual Package When Original Container is Broken Held Valid.—Regulation of Tax Commission requiring dealers in cosmetics to pay license tax imposed by Act April 10, 1925 (34 St. at Large, p. 299), by stamping each individual package or container as soon as original carton or container is broken, *held* valid, particularly since refund may be had for stamps affixed to article afterwards becoming unsalable, under Act March 22, 1922 (32 St. at Large, p. 1017).

Controversy without action between E. L. Wingfield and the South Carolina Tax Commission, submitted on agreed statement of facts, in which petitioner sought remedy by injunction restraining enforcement of certain regulations. Petition denied.

*Messrs. Thomas & Lumpkin,* for petitioner, cite: *Stamp tax on cosmetics levied:* Acts of 1925, No. 197, Sec. 82 and Sec. 83, Subsection 2. *Unambiguous statute must be given literal interpretation:* 113 S. C., 101; 103 S. C., 23; 99 S. C., 218; 82 S. E., 1048; 62 S. C., 57; 13 S. C., 46. *Tax statutes to be strictly construed in favor of taxpayer:* 124 S. E., 761; 121 S. E., 478; 121 S. E., 379.

*Messrs. J. M. Daniel, Attorney General,* and *J. Fraser Lyon,* for respondents, cite: *Stamp tax levied on cosmetics:* Acts of 1925, No. 179, Sec. 82 and Sec. 83, Subsection 2; Acts of 1923, No. 11. *Discretionary powers to make regulations may be vested in administrative officers:* 115 S. C., 202.

January 26, 1926.

The opinion of the Court was delivered by MR. JUSTICE MARION.

This is a controversy without action submitted under the provisions of Section 675, Vol. 1, Code 1922. The question is whether the State Tax Commission may lawfully make and enforce a regulation requiring dealers in cosmetics to pay the license tax imposed by an Act entitled, "An Act to make appropriations to meet the expenses of the State Government, to provide for the assessment and collection of a property tax and License Taxes," etc., approved April 10, 1925 (34 Stat. at Large, 299), and payable "by stamps to be affixed to each individual article sold" by stamping "each individual package or container" "as soon as the original carton or container is broken."

Section 82 of the foregoing Act, hereinafter referred to as the Act of 1925, provides as follows:

"(1) That every person, firm or corporation doing domestic or intrastate business within this State and engaged in the business of selling, manufacturing, purchasing, consigning, using, shipping or distributing, for the purposes of sale within this State, any of the following articles or things, viz.: * * * lip sticks, rouge, face paints, face powders, face creams, talcum powders, toilet waters and lotions, perfumery, hair oils, hair tonics, pomades, cosmetics and hair dyes; * * * for the privilege of carrying on such business shall be subject to the payment of a license tax, which shall be measured by and graduated in accordance with the sales of such person, firm, or corporation within the State of South Carolina, ex-

cept as may hereinafter be provided, as follows: * * * (c) On all lip. sticks, rouge, face paints, face powders, face creams, talcum powders, toilet waters and lotions, perfumery, hair oils, hair tonics, pomades, cosmetics and hair dyes, a license tax of one ($0.01) cent for each five ($0.05) cents, or fractional part thereof of the retail selling price. * * *

"(2) That the license tax imposed by this Act shall:

"(a) In the case of lip sticks, rouge, face paints, face powders, face creams, talcum powders, toilet waters, lotions, perfumery, hair oils, hair tonics, pomades, cosmetics and hair dyes be paid by stamps to be affixed to each individual article sold, and in case of chewing tobacco and snuff be paid by stamps to be affixed to the smallest container or package in which or from which normally sold at retail, the stamps in all such cases to be affixed by the person, firm or corporation selling or disposing of such articles to the final consumer."

Section 83, Subdivision 2 of the Act of 1925, provides as follows:

"(2) That all of the provisions of an Act entitled 'An Act to raise revenue for the support of the State Government,' approved March 26, 1923, being Act No. 11, at page 12, and all Acts amendatory thereof, not inconsistent with the provisions hereof, are hereby adopted for the purposes of the enforcement and administration of Sections 82 and 83 of this Act."

The Act of 1923, No. 11, § 10, Subdivision (c), contains the following provision:

"The license taxes imposed by this section shall be paid by stamps and no article or commodity requiring stamps shall be sold, offered or exhibited for sale in this State without such stamps being affixed as herein provided"

Section 11, Subdivision (b) of the Act of 1923, also provides:

"* * * And said stamps shall be affixed to the smallest

container in which or from which the articles are sold, as soon as the original packages are opened or broken."

Section 13, Subdivision (a) of the Act of 1923, provides:

"It shall be provided by regulations of the Tax Commission that method of breaking packages, forms and kinds of containers, and methods of affixing stamps, shall be employed by individuals and companies subject to the tax imposed by this Act which will make possible enforcement of payment by inspection; and any individual or company subject to this tax, engaging in or permitting such practices as are prohibited by regulations of the Tax Commission, or in any other practice which make it difficult to enforce the provisions of this Act by inspection shall be deemed to be guilty of a misdemeanor. * * * "

Subsection (4) of Section 82 of the Act of 1925, is as follows:

"(4) That any person, firm or corporation subject to the license taxes imposed by this section who shall fail to comply with any of the provisions hereof, or with any rule or regulation of the South Carolina Tax Commission, shall for each offense pay as a part of the tax imposed by this section, a penalty of twenty ($20.00) dollars for the first offense; fifty ($50.00) dollars for the second offense and one hundred ($100.00) dollars for each offense thereafter: *Provided,* That the South Carolina Tax Commission may, upon good cause shown, remit or refund, in whole or in part, any penalties imposed by this section."

Relying upon the authority conferred by the statutory provisions above set out, the Tax Commission, in July, 1925, made and promulgated the rule or regulation concerning the stamping of lip sticks, rouge, and other articles designated in Subdivision (c) of paragraph (11) and Subdivision (a) of paragraph (2) of Section 82 of the Act of 1925, of which the petitioner here complains. That regulation is as follows:

"As soon as the original carton or container is broken, each individual package or container must be stamped."

It is the contention of the petitioner that the foregoing regulation is in contravention, or is, at least, inconsistent with, the express provisions of Subdivision (a) of paragraph (2) of Section 82, of the Act of 1925, requiring that the tax imposed on said articles shall "be paid by stamps to be affixed to each individual article sold"; that the plain meaning of the language used is to require that stamps shall be affixed to each individual article "sold"—not to an article while it is still unsold; and that in accordance with the settled rules of statutory construction, requiring that where the language of a statute is clear and unambiguous it should be given a literal interpretation, and that penal statutes should be strictly construed, the regulation of the Tax Commission must be declared invalid.

Upon a careful examination and consideration of all 1-3 the statutory provisions applicable to the question presented for determination, we are of the opinion that the petitioner's contention may not soundly be sustained. The Act of 1925 expressly adopts all the provisions of the Act of 1923, "not inconsistent with the provisions" of the Act of 1925, "for the purposes of the enforcement and administration of Sections 82 and 83," of that Act. That the provisions of the Act of 1923 are thus made a part of the Act of 1925 and are to be given full force and effect as such, except in so far as inconsistent therewith, is not open to question. *Santee Mills v. Query,* 122 S. C., 158; 115 S. E., 202. In determining, therefore, whether any particular provision of the Act of 1925 is inconsistent with the provisions of the Act of 1923, the plainly expressed intent of the Legislature to make the inconsistent provisions of the later statute prevail over those of the former Act—an intention which would be clearly implied even if not expressed—does not, as we apprehend, render inapplicable the familiar and cardinal rule of construction, that "the various provisions

of an Act should be read so that all may, if possible, have their due and conjoint effect without repugnancy or inconsistency." *Crescent Mfg. Co. v. Tax Commission,* 129 S. C., 480, 492; 124 S. E., 761, 765. Certainly, having expressly adopted the statute of 1923 as a part of the statute enacted in 1925, the two Acts are to be "so construed with reference to each other that effect may be given to all the provisions of each, if that can be done by any fair and reasonable construction." And in so construing the Act of 1925 it is to be borne in mind that the "rule of strict construction of penal laws and tax statutes 'is subordinate to the rule of reasonable, sensible construction, having in view effectuation of the legislative purpose.' " *Crescent Mfg. Co. v. Tax Commission, supra.*

4-6

The plainly disclosed object of Subsection (1) of Section 82 of the Act of 1925 is to impose a license tax on persons, etc., engaged in the business of selling certain articles in this State, "which shall be measured by and graduated in accordance with the sales of such person," etc. The purpose of Subsection (2) is to prescribe how the tax imposed shall be paid by the person, firm, or corporation selling or disposing of such articles to the final consumer. The seller of the articles designated in Subdivision (a) of said Subsection (2)—cosmetics, tobacco, etc.—which are articles that admit stamping, is required to pay the license tax. by. stamps to be affixed to the things sold; the seller of the things designated in Subdivision (b) of said Subsection —soft drinks, etc.—which are or may be sold in a form that does not admit of stamping, is required to pay the tax by making monthly returns and remittances upon sales. Having provided in Subdivision (a) that the seller of the articles therein mentioned shall pay by stamps, the Legislature further undertakes to say upon what physical things the stamp shall be affixed, and prescribes that in the case of lip sticks, rouge, face paints, etc., the stamp shall be "affixed to each individual article sold," and, in the case of chewing

tobacco and snuff, "to the smallest container or package in which or from which normally sold at retail." The language of this Subdivision (a) upon which the petitioner here relies, that the stamps shall be "affixed to each individual article sold," was clearly used, we think, for the purpose indicated—that of describing and specifying the physical thing upon which the stamp was to be affixed, and not for the purpose of prescribing when the stamp should be affixed. Sales are the measure of the tax, and the seller's obligation in all cases is to pay upon or in accordance with his sales. But that does not imply or require that the affixing of the stamp on the physical thing sold shall be deferred until after a contract of sale has been actually consummated. If, as would seem clear, the legislative intent in prescribing the payment by the seller of the tax by stamps "to be affixed to each individual article sold" was to require the seller to stamp the article before he parted with the title and right to possession by a consummated sale, it is apparent that, except as limited by the rule of reason, there is no difference in principle between affixing the stamp one minute before the article is sold or one year before it is sold. The plain object of this provision of the Act of 1925 was to require that "each individual article sold" should, when sold, have affixed thereto the stamp required. If so, the provisions of the Act of 1923, which must be read in connection therewith, to the effect that "no article or commodity requiring stamps shall be sold, offered or exhibited for sale in this State without such stamps being affixed," etc. (Subdivision [c], § 10), and "that it shall be provided by regulations of the Tax Commission that methods of breaking packages, forms and kinds of containers, and methods of affixing stamps, shall be employed by individuals and companies subject to the tax imposed by this Act which will make possible enforcement of payment by inspection" (Subdivision [a], § 13, of Act 1923), are in no wise inconsistent with the language of the Act of 1925, requiring that the stamps on "lip

sticks," etc., shall "be affixed to each individual article sold." On the contrary, we think, those provisions of the Act of 1923, just referred to, are entirely consistent with the requirement of the Act of 1925, that the stamps are "to be affixed to each individual article sold," in that they are plainly designated to effectuate that requirement by expressly providing, in effect, that the stamps shall be affixed before sale and by methods prescribed by the Tax Commission, to the end that enforcement of payment may be made possible by inspection. That the Legislature had in mind the provision of the Act of 1923, above adverted to, providing for the making of regulations, etc., by the Tax Commission, in enacting the statute of 1925, is further clearly indicated by the language of Subsection (4) of Section 82, which imposes the penalties for any failure "to comply with any of the provisions hereof, or with any rule or regulation of the South Carolina Tax Commission." In the view indicated, the regulation of the Tax Commission here complained of may not be declared invalid.

We may add that the argument for the construction of the Act contended for by petitioner, based upon the alleged inconvenience and possible hardships entailed by a requirement that stamps shall be affixed to articles which may never in fact be "sold", etc., has been given careful attention. We deem it proper to say, however, that the construction of the Act of 1925 here adopted by no means excludes the hypothesis that such considerations of convenience and expediency from the viewpoint of the merchant were carefully weighed by the Legislature in enacting the statute. Obviously, if the stamps were not required to be affixed until the article is actually sold, the only means of enforcing the payment of the tax by those disposed to evade its payment would be by attempting to impose the penalties in cases where the articles required to be stamped were sold and delivered to a purchaser without the stamp. That the discovery of proof of such sales would be a difficult and uncer-

tain method of checking up the merchant and would inevitably require methods of detection more objectionable from any viewpoint than an above-board inspection of the retailer's stock in hand would seem to be sufficiently apparent. It is equally apparent that from the viewpoint of the honest taxpayer the paramount consideration is that all persons, etc., subject to the tax shall be required to pay. If the cost of the stamps can be figured by the merchant as a part of the price paid for the merchandise and all alike have to bear this fixed element of cost, the cost of the stamps is as readily passed on to the consumer as any other part of the cost of the goods. But, obviously, the merchant who can and does evade the payment of the tax takes unfair advantage not only of the State but of his honest competitor. Any reasonable regulation, therefore, which makes more easy and certain the enforcement of the tax, is directed to the safeguarding of the interests of the honest dealer against a form of unfair competition to which he should not justly be subjected—a consideration which the Legislature might soundly consider to outweigh any countervailing benefits which might inure to the merchant by not requiring him to affix stamps until a particular article is actually sold. The regulation here complained of is unquestionably of a character reasonably calculated to enforce the equal and certain imposition of the tax, and the argument that such a regulation was not intended to be authorized by the Legislature derives little support from any consideration having to do with the merchant's best interests in paying the tax; a view reinforced by the consideration that, should the stamp be affixed to any article which afterwards becomes unsalable or is for any reason withdrawn from sale in this State, claim for the refund of the amount so involved might properly be made and sustained under the provisions of Act No. 571, Acts of 1922 (32 Stat. at Large, p. 1017).

It is, accordingly, ordered and adjudged that the prayer of the petition be denied, and that the temporary restraining order heretofore granted be, and is hereby, dissolved.

MESSRS. JUSTICES WATTS and COTHRAN, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.